Electronically FILED by Superior Court of California, County of Los Angeles on 07/25/2022 02:58 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
22STCV23930

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Stephanie Bowick

1   ROBERT T. SIMON (SBN 238095)
    TRAVIS E. DAVIS (SBN 291776)
2   **THE SIMON LAW GROUP LLP**
    34 Hermosa Beach Ave.
3   Hermosa Beach, CA 90254
    Tel (310) 914-5400 | Fax (310) 914-5401
4   Emails: travis@justiceteam.com; cc: veronica@justiceteam.com

5   JUSTIN R. HEIM (SBN 290315)
    **LAW OFFICES OF JUSTIN R. HEIM, APC**
6   201 8th Street, Suite 100
    Seal Beach, California 90740
7   Tel: (760) 658-9075 | Fax: (760) 657-2983
    Emails: justin@heiminjurylaw.com

8   Attorneys for Plaintiffs,
    SONIA MENA GARCIA and JUAN VALENCIA
9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11          **COUNTY OF LOS ANGELES – UNLIMITED JURISDICTION**

12

| 13  SONIA MENA GARCIA, an individual; JUAN VALENCIA, an individual, | Case No.: 22STCV23930 |
|---|---|
| 14 | **Civil Unlimited Jurisdiction** |
| 15              Plaintiffs, | **PLAINTIFFS' COMPLAINT FOR:** |
| 16  vs. | 1. **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** |
| 17  GEICO CASUALTY COMPANY; Does 1 to 50, Inclusive, | 2. **BREACH OF CONTRACT** |
| 18 | **DEMAND FOR JURY TRIAL** |
| 19              Defendants. | |
| 20 | |

21                          **INTRODUCTION**

22       1.      On September 23, 2017, Arnold Mena arrived on Atlantic Avenue in the City of

23  Lynwood, County of Los Angeles, to assist his friend Luis Herrera. At the time, Luis Herrera was

24  operating a 2010 Toyota Prius and was under the influence of alcohol. As Arnold Mena approached

25  Luis Herrera's vehicle, Luis Herrera suddenly and without warning struck Arnold Mena with his

26  vehicle. Luis Herrera fled the scene after the collision.

27       2.      As a result of the impact, Arnold Mena sustained permanent brain damage, and was

28  ultimately pronounced deceased the following day, September 24, 2017. Ultimately, Luis Herrera

1

PLAINTIFFS' COMPLAINT FOR DAMAGES

1  pled no contest to the following charges in connection with the September 23, 2017 hit and run

2  collision: 1) Vehicle Code § 23153(a), driving under the influence of an alcoholic beverage causing

3  injury; 2) Vehicle Code § 20001(b)(2), hit and run driving, resulting in death or serious injury to

4  another person; 3) Penal Code § 451(d), arson of the property of another; and 4) Penal Code §

5  245(a)(1), assault with a deadly weapon.

6       3.     At the time of the collision, Luis Herrera was covered by an automobile insurance

7  policy issued by GEICO Casualty Company ("GEICO") which provided liability coverage limits for

8  bodily injury in the amount of $15,000 each person/$30,000 each incident.

9       4.     On June 21, 2019, Arnold Mena's heirs, Plaintiffs Sonia Mena Garcia (his mother)

10  and Juan Valencia (his father) made a reasonable policy limit demand to GEICO for GEICO to pay

11  Luis Herrera's available policy limits in exchange for a release of liability.  The demand included

12  reasonable conditions, including that the Plaintiffs would release only Luis Herrera, the named

13  insured.  GEICO unreasonably failed to accept the offer, and instead imposed an unreasonable

14  condition of including Ramiro Hernandez, the owner of the subject vehicle, in the release.  Ramiro

15  Hernandez was not insured under the GEICO policy, and in fact Plaintiffs had a separate viable

16  claim against Ramiro Hernandez's insurer, Anchor General Insurance Company, and thus his

17  inclusion in the release of the GEICO policy was unnecessary and unreasonable.  GEICO never

18  informed Luis Herrera of the pending settlement demand, nor of the implications to him for their

19  failure to accept the demand.

20       5.     After expiration of the demand, a personal injury lawsuit was filed by the Plaintiffs

21  against Luis Herrera in Los Angeles County Superior Court, Case No. 19STCV06675 ("Personal

22  Injury Action").

23       6.     The Personal Injury Action proceeded to trial and on December 10, 2021 the jury

24  returned a verdict in favor of the Plaintiffs and against Luis Herrera in the amount of

25  $10,000,000.00.  Luis Herrera was found to be 60% at fault, with 40% fault attributed to decedent

26  Arnold Mena.

27       7.     On January 7, 2022, judgment was entered against Luis Herrera in the sum of

28  $6,000,000.00, with interest thereon at the rate of ten percent per annum from the date of the

1  verdict until paid in full, together with costs that were to be determined at a later date.  Following

2  the judgment, costs were awarded to the Plaintiffs in the amount of $45,449.54.  The judgment

3  continues to accrue interest at a rate of ten percent per year, and will continue to accrue until the

4  judgment is satisfied in full.

5      8.      GEICO's failure to accept a reasonable policy limits demand was a breach of Luis

6  Herrera's insurance policy and a breach of the implied covenant of good faith and fair dealing owed

7  to Luis Herrera, the rights which now belong to the Plaintiffs to pursue pursuant to an Assignment

8  of Rights (entered into by Plaintiffs and Luis Herrera, and fully executed on May 12, 2022).  As a

9  result, GEICO is liable for all damages proximately flowing from those breaches, including, but not

10  limited to, payment of the entire outstanding amount of the judgment in the Personal Injury Action.

11                                           **PARTIES**

12      9.      Plaintiffs Sona Mena Garcia and Juan Valencia, at all times relevant to this lawsuit,

13  are and were California residents, residing within the County of Los Angeles.

14      10.      Defendant, GEICO Casualty Company, at all times relevant to this lawsuit, was and

15  is a California corporation with its principle place of business in the City and County of San Diego,

16  California, operating as an insurance company.

17      11.      At all times referenced herein, each defendant was the agent of the remaining

18  defendants, and when acting herein, was acting within the scope and course of such agency.

19      12.      The true names or capacities, whether individual, corporate, associate, or otherwise,

20  of defendants Does 1 through 50, inclusive, are unknown to Plaintiffs, who therefore sue said

21  defendants by such fictitious names.  Plaintiffs are informed and believe and on such information

22  and belief allege that each of the defendants sued herein as a Doe is legally responsible in some

23  manner for the events and happenings referred to herein, and will ask leave of this Court to amend

24  this complaint to insert their true names when the same becomes known to Plaintiffs.

25  ///

26  ///

27  ///

28  ///

3

PLAINTIFFS' COMPLAINT FOR DAMAGES

**FACTUAL ALLEGATIONS**

**A.    The GEICO Policy**

13.    On May 23, 2017, GEICO issued personal auto policy no. 4465-59-62-96 to Luis Herrera for the effective period of May 23, 2017 through November 23, 2017.  The policy provided coverage for the September 23, 2017 hit and run collision.

14.    The policy provided liability coverage limits for bodily injury in the amount of $15,000 each person/$30,000 each accident.

**B.    The Collision**

15.    On September 23, 2017, while driving a 2010 Toyota Prius, Luis Herrera struck pedestrian Arnold Mena on the roadway of Atlantic Avenue in the City of Lynwood, County of Los Angeles, California.  Arnold Mena perished as a result of his injuries sustained in the collision.

**C.    Policy Limit Demand**

16.    On June 21, 2019, Arnold Mena's heirs, Plaintiffs Sonia Mena Garcia and Juan Valencia made a reasonable policy limit demand to GEICO for GEICO to pay Luis Herrera's available policy limits in exchange for a release of liability.  The demand included reasonable conditions, including that the Plaintiffs would release only Luis Herrera, the named insured.

17.    Despite liability being reasonably clear and Plaintiffs' damages being far in excess of the policy limits demanded, GEICO unreasonably failed to accept the offer.  Instead, On June 24, 2019, GEICO's counsel responded to the demand, indicating that GEICO would tender the insurance limits of the policy only if the Plaintiffs also released Ramiro Hernandez, the owner of the subject motor vehicle.  Ramiro Hernandez was not a named insured under the POLICY.

18.    At the time of the demand, the Plaintiffs had a pending claim against Mr. Hernandez, under a policy from Anchor General Insurance Company, Policy No. 7209239, and thus the Plaintiffs could not release Mr. Hernandez through the settlement of the GEICO policy.  Also at the time of the demand, GEICO knew that the Plaintiffs had a pending claim against Mr. Hernandez which would be precluded if Mr. Hernandez was included in the release of the GEICO policy. Indeed, on December 19, 2019, Anchor General Insurance Company paid Plaintiffs the policy limits of Mr. Hernandez's policy following the execution of a release of liability for Mr. Hernandez.

PLAINTIFFS' COMPLAINT FOR DAMAGES

1   Moreover, at the time of the demand, GEICO knew that Mr. Hernandez was not insured under the
2   GEICO policy, and thus his inclusion in the release of the GEICO policy was unnecessary and
3   unreasonable.  Despite this knowledge, GEICO insisted on their unnecessary and unreasonable
4   condition, and failed to resolve the Plaintiffs' claim within policy limits.

5   **D.    Personal Injury Action and Excess Judgment against Luis Herrera**

6           19.    On February 27, 2019, Plaintiffs filed their wrongful death action against Luis
7   Herrera in Los Angeles County Superior Court, Case No. 19STCV06675.

8           20.    In November 2019, a jury trial commenced, and on December 10, 2021 the jury
9   returned a verdict in favor of the Plaintiffs and against Luis Herrera in the amount of
10  $10,000,000.00.  Luis Herrera was found to be 60% at fault, with 40% fault attributed to decedent
11  Arnold Mena.

12          21.    On January 7, 2022, judgment was entered against Luis Herrera in the sum of
13  $6,000,000.00, with interest thereon at the rate of ten percent per annum from the date of the
14  verdict until paid in full, together with costs that were to be determined at a later date.  Following
15  the judgment, costs were awarded to the Plaintiffs in the amount of $45,449.54.  The judgment
16  continues to accrue interest at a rate of ten percent per year, and will continue to accrue until the
17  judgment is satisfied in full.

18  **E.    The Assignment of Rights**

19          22.    GEICO's failure to accept a reasonable policy limits demand was a breach of Luis
20  Herrera's insurance policy and a breach of the implied covenant of good faith and fair dealing owed
21  to Luis Herrera.  As a result, GEICO is liable for all damages proximately flowing from those
22  breaches, including, but not limited to, payment of the entire outstanding amount of the judgment
23  in the Personal Injury Action.

24          23.    Following the judgment, Plaintiffs and Luis Herrera entered into an Assignment of
25  Right, whereby Luis Herrera assigned to Plaintiffs his assignable claims against GEICO, including the
26  right to bring an action against GEICO for breach of contract and breach of the duty of good faith and
27  fair dealing.

28

24.    Plaintiffs have standing in this action pursuant to the above-referenced Assignment of Rights.

### FIRST CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

PLAINTIFFS, FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST GEICO AND DOES 1 THROUGH 50, ALLEGE:

25.    Plaintiffs refer to each and every paragraph above and incorporate those paragraphs as though set forth in full in this cause of action.

26.    Defendants breached the implied covenant of good faith and fair dealing in numerous ways, including but not limited to the following:

      a.    Unreasonably failing to accept a reasonable offer to settle within available policy limits;

      b.    Unreasonably failing to reach a prompt, fair, and equitable settlement after liability had become reasonably clear;

      c.    Unreasonably failing to conduct a prompt, fair, balanced, and thorough investigation into the claim;

      d.    Unreasonably imposing conditions on settlement, including, but not limited to, insisting that Ramiro Hernandez, a non-insured, be included in the release of liability;

      e.    Unreasonably failing to inform their insured, Luis Herrera, of the policy limits demand, or of the implications to Luis Herrera for GEICO's failure to accept the demand;

      f.    Unreasonably failing to protect Luis Herrera from execution of the judgment;

      g.    Unreasonably failing to indemnify Luis Herrera against the entire amount of the judgment;

      h.    Unreasonably failing to give the interests of their insured at least as much consideration as they gave their own interests; and

PLAINTIFFS' COMPLAINT FOR DAMAGES

i.   Unreasonably forcing the plaintiffs to file this lawsuit in order to obtain policy benefits.

27.   As a result of defendants' breach of the implied covenant of good faith and fair dealing, the Plaintiffs have suffered and continues to suffer damages, including, but not limited to, indemnification and protection from the entire judgment, attorney fees incurred to both obtain policy benefits and protect from execution of the judgment, and consequential and economic damages, and ongoing interest on the judgment.

28.   As a result of defendants' breaches of the implied covenant of good faith and fair dealing, the Plaintiffs were compelled to retain legal counsel to obtain the benefits due under the policy.  Therefore, defendants are liable to the Plaintiffs for those attorney fees incurred by the Plaintiffs to obtain policy benefits.

29.   Defendants engaged in this bad-faith conduct knowing that plaintiff would be harmed by the conduct.  Defendants' conduct was undertaken by the defendants' officers or managing agents who were responsible for claims supervision, handling, underwriting, communications, and/or decisions of the defendants.  This conduct was undertaken on behalf of GEICO, and was part of a pattern and practice of the defendants.  GEICO ratified, authorized, and approved the bad-faith conduct.

**SECOND CAUSE OF ACTION**

**(Breach of Contract)**

PLAINTIFFS, FOR BREACH CONTRACT AGAINST GEICO AND DOES 1 THROUGH 50, ALLEGE:

30.   Plaintiffs refer to each and every paragraph above and incorporate those paragraphs as though set forth in full in this cause of action.

31.   Defendants breached the policy when they failed to accept a reasonable settlement offer within policy limits, failed to indemnify Luis Herrera against the entire judgment, and failed to protect Luis Herrera from execution of the entire amount of the judgment, the rights to enforce which now belong to the Plaintiffs.

7

PLAINTIFFS' COMPLAINT FOR DAMAGES

32.    As a result of these breaches, Luis Herrera's GEICO policy requires GEICO to indemnify Luis Herrera for the entire amount of the judgment, the rights to enforce which now belong to the Plaintiffs.

33.    As a result of these breaches, Luis Herrera's GEICO policy requires GEICO to protect Luis Herrera from execution of the entire amount of the judgment, the rights to enforce which now belong to the Plaintiffs.

34.    As a result of the defendants' breaches of the policy, Plaintiffs have suffered damages in an amount to be determined at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against defendants, and each of them, as follows:

1.    For payment of the entire judgment, including costs and post-verdict interest;

2.    For economic and consequential damages arising out of the Defendants' failure to provide indemnification under the GEICO policy;

3.    Prejudgment interest pursuant to California Civil Code sections 3287, 3288, and/or 3289;

4.    For costs of suit incurred herein;

5.    For attorneys' fees pursuant to <u>Brandt v. Superior Court</u>, 37 Cal. 3d 813 (1985); and

6.    For such other and further relief as the Court deems just and proper.

Dated: July 25, 2022          **THE SIMON LAW GROUP LLP**

BY:_____
ROBERT T. SIMON
**TRAVIS E. DAVIS**
Attorneys for Plaintiffs
**SONIA MENA GARCIA and JUAN VALENCIA**

SIGNATURE ON NEXT PAGE

8

PLAINTIFFS' COMPLAINT FOR DAMAGES

Dated: July 25, 2022

LAW OFFICES OF JUSTIN R. HEIM, APC

BY: _____

JUSTIN R. HEIM
Attorneys for Plaintiffs
SONIA MENA GARCIA and JUAN VALENCIA

9

PLAINTIFFS' COMPLAINT FOR DAMAGES

1

## DEMAND FOR JURY TRIAL

2          Plaintiffs hereby demand a jury trial.

3

4     Dated: July 25, 2022                     THE SIMON LAW GROUP LLP

5

6                                       BY:

7                                          ROBERT T. SIMON
                                           TRAVIS E. DAVIS
                                           Attorneys for Plaintiffs
8                                          SONIA MENA GARCIA and JUAN VALENCIA

9     Dated: July 25, 2022

10                                      LAW OFFICES OF JUSTIN R. HEIM, APC

11                                      BY:

12                                         JUSTIN R. HEIM
                                           Attorneys for Plaintiffs
13                                         SONIA MENA GARCIA and JUAN VALENCIA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' COMPLAINT FOR DAMAGES